53 F.3d 328
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Olatunji Moshood FAKUNMOJU, Petitioner,
v.
CLAIMS ADMINISTRATION CORPORATION, Respondent.
 No. 94-1760.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 7, 1995.
Decided March 8, 1995.
 
 Olatunji Moshood Fakunmoju, Petitioner Pro Se. Jeffrey S. Goldman, Joshua D. Holleb, FOX & GROVE, CHARTERED, Chicago, IL; William Ho-Gonzalez, OFFICE OF SPECIAL COUNSEL FOR IMMIGRATION RELATED UNFAIR EMPLOYMENT PRACTICES, Washington, D.C., for Respondent.
 Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Olatunji Moshood Fakunmoju appeals from the administrative law judge's order granting summary decision to the Claims Administration Corporation (the Company) in this action alleging employment discrimination based on national origin. Our review of the record and the administrative law judge's opinion discloses that this appeal is without merit. Except with regard to the claim that the Company wrongfully discharged Fakunmoju, we affirm on the reasoning of the administrative law judge. Fakunmoju v. Claims Administration Corp., No. 92B00078 (Apr. 12, 1994). With regard to that claim, the ALJ concluded that after-acquired evidence of misconduct by Fakunmoju completely bars him from seeking relief; the Supreme Court rejected this theory in McKennon v. Nashville Banner Publishing Co., 63 U.S.L.W. 4104, --- U.S. ---- (1995). Although ordinarily a court cannot affirm an administrative agency decision on grounds other than that articulated by the agency, see SEC v. Chenery Corp., 332 U.S. 194, 196 (1947), when it "is clear" that based on its valid findings, "the agency would have reached the same ultimate result, we do not improperly invade the administrative province by affirming." Salt River Project Agr. Imp. v. United States, 762 F.2d 1053, 1061 n. 8 (D.C.Cir.1985). In this case, the ALJ made valid, indeed, uncontroverted, findings that the Company's firing of Fakunmoju was due to legitimate reasons, e.g., he did not have a current work authorization. Accordingly, it is "clear" that based on these findings, the agency would have "reached the same ultimate result." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED